UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br><br>Plaintiff<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:15-cv-01399-DSF (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint and all relevant pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge (Report), and Plaintiff's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Plaintiff's Objections—like his Second Amended Complaint—do not articulate a single viable theory of liability against Defendant Bleau, for whom the Magistrate Judge recommends dismissal without leave to amend and with prejudice. Furthermore, Plaintiff's Objections sets forth a variety of facts he did not plead in his Second Amend Complaint and which he now contends satisfy *Monell v. Dep't of*

*Social Services of City of New York*, 436 U.S. 658 (1978), for purposes of alleging a viable claim against the Los Angeles Sheriff's Department. The Court may not consider any material beyond the pleadings for purposes of the pending Motion to Dismiss. If Plaintiff chooses to replead his claim against the Los Angeles Sheriff's Department **or** Frechette (in his official capacity), his amended complaint should include these additional facts proffered in his Objections.

In addition, Plaintiff's statement that he did not have sufficient time to complete service of process on the five unserved Defendants (Scott, Ornelas, Enriquez, Mogo, and Saddlers) is not convincing. On May 5, 2016, the Court *sua sponte* extended the Rule 4(m) deadline to July 29, 2016, and directed Plaintiff to send revised USM-285 forms to the U.S. Marshal for the unserved Defendants. Plaintiff did not contact the Court regarding service of these five Defendants or to request an extension until more than ten months later, when these Objections were filed. Plaintiff has failed to meet his burden of showing good cause for his failure to effect service of process on Scott, Ornelas, Enriquez, Mogo, and Saddlers.

Accordingly, the Court accepts the findings and recommendations set forth in the Report. Based on Plaintiff's status as a pretrial detainee, all of Plaintiff's claims, although captioned as arising under the Eighth and/or Fourteenth Amendments, are in fact Fourteenth Amendment claims. With respect to these claims, **IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss (Motion) [Dkt. 46] is GRANTED in part and DENIED in part, pursuant to Fed. R. Civ. P. 12(b)(6), as follows:
    a) the Motion is GRANTED with respect to Plaintiff's claim against Defendant Bleau (in his individual capacity), and this claim is dismissed without leave to amend and with prejudice;
    b) the Motion is GRANTED with respect to Plaintiff's claim against Defendant Frechette (in his official capacity), and this claim is dismissed without prejudice;

1        c) the Motion is GRANTED with respect to Plaintiff's claim against the Los Angeles Sheriff's Department, and this claim is dismissed with leave to amend;

       d) the Motion is DENIED with respect to Plaintiff's Fourteenth Amendment improper medical care claims against Defendants Zasortin and Felahy; and

       e) the Motion is DENIED with respect to Plaintiff's Fourteenth Amendment excessive force claim against Defendant Cooley;

(2) Plaintiff's claims against the Unserved Defendants (Scott, Ornelas, Enriquez, Mogo, and Saddlers) are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m);

(3) Plaintiff's claims against the Doe defendants are dismissed without prejudice; and

(4) Plaintiff is granted leave to file a Third Amended Complaint consistent with the Report and Recommendation and this Order within 30 days of this Order.

**IT IS SO ORDERED.**

DATE: 4/11/17

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

3